**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CHRISTIAN JOSEPH
VASCONCELLOS,

Plaintiff,

v. Case No. 2:26-cv-2033-KCD-NPM

LEE COUNTY SHERIFF'S
OFFICE, DETECTIVE MARCIN
KAZIUK, and DEPUTY NICKOLAS
DEKEYSER,

Defendants.

---

**ORDER**

Plaintiff Christian Joseph Vasconcellos, a pretrial detainee confined at the Lee County Jail, initiated this action by filing a *pro se* 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) Vasconcellos generally complains about the actions of two Lee County law enforcement officers during an investigation that lead to his arrest. He proceeds *in forma pauperis* (Doc. 4), and his complaint is before the Court for initial screening.

Upon review, the Court dismisses Vasconcellos' deliberate indifference and excessive force claims for failure to state a claim on which relief may be granted. Vasconcellos' claims based upon defects in a search warrant will be stayed until the resolution of the pending state charges against him.

## I. Complaint

Vasconcellos asserts that the Lee County Sheriff's Office conducted a surveillance operation against him in 2026 based on a "vague" tip of criminal activity. (Doc. 1 at 5.) During the surveillance, Vasconcellos was observed operating a vehicle. (*Id.*) On March 6, 2026, Defendants Detective Marcin Kaziuk and Deputy Nicholas Dekeyser conducted a traffic stop and arrested Vasconcellos for driving with a suspended license. (*Id.* at 2.) A search of Vasconcellos' vehicle incident to his arrest produced a firearm, narcotics, and ammunition. (*Id.*) Vasconcellos admits that, several days prior, he was ordered by the Collier County Court to turn in all of his firearms and ammunition. (*Id.*) When questioned by the officers about the property, Vasconcellos explained that the firearm and ammunition in his vehicle "represented the last of the inventory from [his] home." (*Id.*) Vasconcellos told Defendants that the narcotics and other property in the vehicle belonged to one of his employees who was taken into custody the previous day and "he was in process of inventorying the property and disposition of narcotics." (*Id.*) He said that he had no additional firearms, ammunition, or narcotics at his residence. (*Id.*) Nevertheless, Defendants applied for a search warrant and alleged in the probable cause affidavit that Vasconcellos initially said he was unsure about whether there were ammunition and firearms at his residence but later said

that there was still some ammunition that he had been in in the process of packing. (*Id.* at 6-7.)[1]

Thereafter, Vasconcellos was handcuffed and "placed within an area that restricted movement in the caged rear sear of Detective Kaziuk's vehicle" for between eight and twelve hours during which time he was denied access to the restroom, food, and water. (Doc. 1 at 7.) The prolonged detention caused injury to Vasconcellos' right shoulder that has not been adequately diagnosed or treated by the Lee County Jail's medical staff. (*Id.*)

Vasconcellos asserts that the defendants deprived him of his civil rights by closely monitoring his activity with "less than probable cause or reasonable suspicion." (Doc. 1 at 8.) He asserts that the defendants violated his rights by submitting (or allowing the submission of) a false statement to secure a search warrant. (*Id.*) He asserts that the defendants conspired to violate his rights by confining him for 8–12 hours with no access to bathroom facilities, food, or water for hours "on display in front of his residence where he was seen by friends, family and loved ones." (*Id.*) He also asserts that the defendants

[1] Courts may take judicial notice of facts that are not subject to reasonable dispute from sources whose accuracy cannot be questioned. Fed. R. Evid. 201. The Court, therefore, takes judicial notice of information on the Lee County Clerk of Court's website. *See* https://matrix.leeclerk.org/Case/ViewCase (docket entry 3, "Booking Report"). The Booking Report states that a search of Plaintiff's apartment produced several safes containing 8000 rounds of ammunition, tools used to clean, assemble disassemble, and modify firearms, several improvised explosives (later determined to be primed and live), a 37mm grenade launcher, numerous firearms, tasers, and a pipe bomb.

conspired to deprive Vasconcellos of his Second Amendment right to bear arms. (*Id.*) He seeks monetary damages and an order from this Court that the Lee County Sheriff's Office better train its employees. (*Id.* at 10.)

## II. Screening Standard

When a plaintiff proceeds *in forma pauperis*, the district court must review his complaint and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous under section 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327.

Dismissals for failure to state a claim under section 1915(e)(2)(B)(ii) are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Thus, to avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Id.*

Finally, while a *pro se* complaint should be construed leniently, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Moreover, a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). If the complaint is deficient, the court must dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## III. Discussion

Liberally construing the complaint, it appears that Vasconcellos raises constitutional claims based upon three incidents: (1) his subpar medical treatment at the Lee County Jail for a shoulder injury that resulted from his confinement in Defendant Kazuik's car; (2) his prolonged confinement in the patrol car without access to a restroom, food, or water; and (3) allegedly false statements made by Kazuik in the probable cause affidavit used to secure the search warrant for his home.[2]

[2] Vasconcellos references other alleged violations in his complaint but does not provide sufficient factual allegations to support a claim. To the extent he intended to raise additional claims, they are dismissed without prejudice under Rules 8 and 10 of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

### A. The complaint does not state a deliberate indifference claim.

As to the first claim, Vasconcellos generally asserts that his prolonged confinement in the back of a police car injured his shoulder, and that the injury has not been adequately treated at the jail. He does not describe his symptoms or injuries, identify the treatment sought, or name any specific defendant involved in his medical treatment at the jail. And while Vasconcellos names the Lee County Sheriff's Office as a defendant, police departments are not generally considered legal entities subject to suit. *See Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1132 (S.D. Fla. 1990) (discussing and agreeing with cases holding that a police department lacks a legal identity apart from that of the city and as a result, it was not a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); *Wood v. Racetrack LLC*, No. 2:25-CV-327-SPC-KCD, 2025 WL 1707186, at *1 (M.D. Fla. June 18, 2025) (dismissing claims against the Lee County Sheriff's Department because it was not a legal entity subject to suit). Thus, without a proper defendant, any Fourteenth Amendment deliberate indifference claim based upon inadequate medical care must be dismissed without prejudice for failure to state a claim on which relief may be granted.

Generally, the Court allows a *pro se* plaintiff at least one opportunity to

amend an insufficiently pleaded complaint. *Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018). However, the medical claims against Lee County Jail medical providers are not properly raised in this complaint. A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998).

Vasconcellos' claims involving alleged inadequate medical treatment at the Lee County Jail is unrelated to the allegations surrounding the actions of the police officers who arrested him, involves entirely different defendants, and should be raised in a separate complaint. As the Seventh Circuit explained in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees." In short, Vasconcellos is free to amend his allegations surrounding his medical treatment at the Lee County Jail, but he must do so in a separate complaint.

**B. The complaint does not state a Fourth Amendment claim for excessive force.**

As to Vasconcellos' claim involving his prolonged confinement in Kazuik's patrol car, there is no dispute that he was under arrest at the time, making some level of detention proper. However, it is well established that "[t]he Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee*, 284 F.3d at 1197. Thus, the Court frames this issue as a stand-alone claim of excessive force, and the question is whether the defendant officers' conduct (leaving Vasconcellos handcuffed in the back of a patrol car for several hours) was objectively reasonable in light of the facts confronting them. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989); *Lee,* 284 F.3d at 1197 (stating that "to determine whether the amount of force used by a police officer was proper, a court must ask whether a reasonable officer would believe that this level of force is necessary in the situation at hand").

Here, the facts alleged are simply too sparse to conclude that the officers' actions were objectively unreasonable. Notably, Vasconcellos' arrest occurred in March, and he does not frame this as a "hot car" case. Nor does Vasconcellos allege that he alerted anyone of his need to use a restroom, his desire for food or water, or that confinement in the car was hurting his shoulder. Thus, the few facts alleged here do not state a plausible Fourth Amendment excessive

force claim. *See Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000) ("[T]he application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment."). Vasconcellos may file an amended complaint raising a Fourth Amendment claim, but the amended complaint will not be due until the conclusion of his state criminal proceedings. *See* Discussion *infra*.[3]

**C. The Court will abstain from considering any claim based upon an invalid search warrant.**

In *Younger v. Harris*, the Supreme Court held that federal courts should not interfere with a pending state criminal proceeding unless necessary to prevent great and immediate irreparable injury. 401 U.S. 37, 53-54 (1971). Under *Younger*, federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* at 53. Abstention is thus required where: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See, e.g.*, *Newsome v. Broward Cnty. Public Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008).

---

[3] If Vasconcellos does not wish to wait until the conclusion of his state criminal proceedings to amend this claim, he may initiate a separate action raising his Fourth Amendment allegations of excessive force.

The first *Younger* prong is met here because there is an ongoing criminal case against Vasconcellos. *See Florida v. Vasconcellos*, No. 26-CF-014795.[4] And there is no doubt that this Court's consideration of the validity of the search warrant would interfere with Vasconcellos' state criminal proceeding. *Santhuff v. Seitz*, No. 1:05-cv-2517-WSD, 2006 WL 8429616, at *4 (N.D. Ga. 2006) ("The Court's determination of the validity of the search warrant . . . would impermissibly affect the state criminal proceeding against Plaintiff Steven Santhuff."); *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1996) (noting that the "potential for federal-state friction is obvious" in a case where the validity of a search warrant and the arrest are being challenged both in state appellate procedures and in a federal 1983 action); *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (same).

Second, these state proceedings implicate an important state interest insofar as they are criminal in nature. *Younger*, 401 U.S. at 41-44. "It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government[.]" *Patterson v. New York*, 432 U.S. 197, 201 (1977); *Doe v. Off. of Kan. Secs. Comm'r*, No. 17-80656-CIV, 2017 WL 6557431, at *3 (S.D. Fla. Nov. 28, 2017) (noting that states have

---

[4] *See* https://matrix.leeclerk.org/Case/ViewCase (Vasconcellos, Christian Joseph) (Plaintiff has been charged with possession of a controlled substance, driving while license suspended, possession of paraphernalia, trafficking in amphetamine, and eight counts of making, possessing, or placing destructive devices.)

an important interest in making the determination of whether search warrants issued by their courts are constitutional).

Third, "[a]n adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014). Here, Vasconcellos can challenge any purported false statement in the search warrant application before his trial, during his trial, and on direct appeal. *Johnson v. State*, 660 So. 2d 648, 656 (Fla. 1995) (noting the standard that must be met for the court to hold a *Franks* hearing on alleged misstatements in search warrant) (citing *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978)).

Vasconcellos has not alleged facts sufficient to demonstrate that an exception to *Younger* applies.[5] In the present case, there is no evidence that state criminal proceedings—which would have been instigated by the state prosecutor (not the defendants)—are motivated by bad faith. Nor has he alleged facts showing that irreparable injury would occur if he is prosecuted on the drug and explosive charges filed against him. *See Younger*, 401 U.S at 48, 53–54 (explaining that bad faith prosecutions are brought with no intention of

---

[5] An exception to the *Younger* abstention doctrine applies when "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate state forum where the constitutional issues can be raised." *Hughes v. Attorney Gen. of Fla.*, F.3d 1258, 1263 n.6 (11th Cir. 2004).

securing conviction or with intention to harass and explaining that irreparable injury exists if the statutes under which the plaintiff is being prosecuted are "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief).

When, as here, a plaintiff seeks only monetary damages for alleged constitutional violations, the common practice is to stay the federal proceedings until the State's criminal case has ended. *Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016). The Court therefore abstains from considering Vasconcellos' third claim and will stay this case pending the resolution of his state criminal proceedings.

## IV. Conclusion

Accordingly, it is **ORDERED**:

1. Plaintiff's medical deliberate indifference claims are **DISMISSED without prejudice** to Plaintiff raising these unrelated claims in a separate complaint.

2. Plaintiff's Fourth Amendment excessive force claims are **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.

3. Plaintiff's claims based upon an allegedly false probable cause affidavit are **STAYED** until the resolution of the pending state criminal charges against Plaintiff. Until that time, this matter is **ADMINISTRATIVELY CLOSED**.

4. If Plaintiff wishes to proceed with his damages claims, he must file a Motion to Lift the Stay within **THIRTY (30) DAYS** of the conclusion of the criminal proceedings against him. At that time, he may also file an amended complaint raising his Fourth Amendment excessive force claims. Failure to timely file a Motion to Lift the Stay in this case will result in the dismissal of Plaintiff's remaining claims.

5. The Clerk is **DIRECTED** to provide Plaintiff a copy of the standard 42 U.S.C. § 1983 complaint form.

6. The Clerk is also **DIRECTED** to place a stay flag on this case.

**ENTERED** in Fort Myers, Florida on August 24, 2026.

Kyle C. Dudek
United States District Judge

Encl: 42 U.S.C. § 1983 civil rights complaint form